# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

GANA-A' YOO, LTD, KOHTOL
SERVICES CORPORATION,
and GANA-A' YOO SERVICES
CORPORATION,

  Plaintiffs,

vs.            CASE NO. CV-08-J-1318-NE

WORLD WIDE SYSTEMS, INC.,

  Defendant.

## MEMORANDUM OPINION

Pending before the court is plaintiffs' motion for summary judgment (doc. 18) and evidence and a brief in support of said motion (doc. 19). Defendant filed a response in opposition to plaintiffs' motion for summary judgment and evidentiary submissions (doc. 29). Plaintiffs filed a reply (doc. 30).

Having considered all the pleadings and submissions, the court concludes that plaintiffs' motion for summary judgment is due to be granted as no genuine issues of material fact remain, and plaintiffs are entitled to a judgment in their favor as a matter of law.

## I. Procedural History

Plaintiffs filed a complaint (doc. 1) against defendant World Wide Systems, Inc. ("WWS") seeking a declaratory judgment that: (1) plaintiffs met all obligations under the Memorandum of Understanding ("MOU") and Payment Agreement, owing nothing to defendant; (2) the Current Contract and future set-aside contracts awarded to plaintiffs by NASA or any other federal agency are not within the scope of the MOU or Payment Agreement; and (3) the MOU and Payment agreement are invalid and unenforceable against plaintiffs. Defendant filed an answer and counterclaim (doc. 11) against plaintiffs for breach of contract.

## II. Factual Background

Gana-A' Yoo, Ltd. ("GYL") is an Alaska Native Corporation with subsidiaries Khotol Services Corp. ("KSC")[1] and Gana-A' Yoo Services Corp. ("GSC"). Huntington Decl. ¶ 2, Exhibit A to Plaintiffs' Summary Judgment. In 2004 the NASA Marshall Space Flight Center ("NMSFC") in Huntsville, AL awarded a contract for janitorial services to KSC under contract number NNM04AA94C ("former contract"). Huntington Decl. ¶ 3, Exhibit A to Plaintiffs' Summary Judgment; Former Contract, Exhibit A-1 to Plaintiffs' Summary Judgment. Performance under the former contract began on February 1, 2004, and ended on

---

[1] Also referred to in the pleadings as KOHTOL SERVICES CORPORATION.

August 22, 2007.  Huntington Decl. ¶ 5, Exhibit A to Plaintiffs' Summary Judgment; Former Contract, Exhibit A-1 to Plaintiffs' Summary Judgment.  Defendant WWS, a marketing firm working on behalf of plaintiffs, initially presented the former contract with NMSFC to the plaintiffs.  Nagarkar depo. at 11, Exhibit 1 to Defendant's Response.  On January 24, 2004, KSC and WWS entered into a Payment Agreement regarding the former contract that provides:

> For setting aside the Janitorial Services for NASA Marshall Space Flight Center located at Huntsville, Alabama, Khotol Services Corporation will pay World Wide Systems $3,200 per month as long as this contract exists for Khotol Services.

Payment Agreement, Exhibit A-3 to Plaintiffs' Summary Judgment.  Plaintiffs satisfied the Payment Agreement by paying in full to WWS all amounts owed for its marketing efforts regarding the former contract.  Huntington Decl. ¶ 10, Exhibit A to Plaintiffs' Summary Judgment.

On December 21, 2004, plaintiffs and defendant WWS entered into a Memorandum of Understanding ("MOU") to continue for ten years, which states that:

> WWS will market for GYL and any of its subsidiaries that require assistance.  WWS will identify potential Program Opportunities that are appropriate for set-a-side to GYL.  GYL guarantees that WWS will receive at least 2% of the contract value for all Program Opportunities that WWS identifies as an opportunity and GYL receives revenue from the program.

Memorandum of Understanding, Exhibit A-4 to Plaintiffs' Summary Judgment.

Following the expiration of the former contract between KSC and NMSFC, NMSFC awarded GSC (GYL's other subsidiary) a new contract for janitorial services under a new contract number, NNM07AA97C ("current contract"). Huntington Decl. ¶ 7, Exhibit A to Plaintiffs' Summary Judgment; Current Contract, Exhibit A-2 to Plaintiffs' Summary Judgment. GSC is presently performing under the current contract, which began on August 23, 2007, and includes a one-year base period and four one-year option periods ending on August 23, 2012. *Id.*

In December 2007 the attorney for defendant WWS sent GSC a letter demanding payment from GYL based on the Payment Agreement and the MOU. Huntington Decl. ¶ 9, Exhibit A to Plaintiffs' Summary Judgment. Specifically, WWS sought delinquent payments under the Payment Agreement relating to the former contract, as well as payments it alleged were owed under the current contract based on the MOU. January 23, 2008 Letter, Exhibit 3 to Defendant's Response; Wessly depo. at 52, Exhibit 1 to Defendant's Response. Although plaintiffs satisfied the Payment Agreement by paying in full to WWS all amounts owed for its marketing efforts regarding the former contract, it refused to pay any amounts to WWS under the MOU. Huntington Decl. ¶ 10, Exhibit A to Plaintiffs' Summary Judgment. Dr. John Wessly, an officer of WWS, testified that a contingency provision in the MOU, which required payment to WWS, arose from an oral agreement between Dr. Wessly

and Roger Nagarkar, former CEO of GYL.  Wessly depo. at 46-48, Exhibit B to Plaintiffs' Reply.  Dr. Wessly understood the MOU to apply to "the current contract, the future contract, set asides, [and] . . . follow-on contract[s]."  *Id*. at 132.

### III. Standard of Review

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).  As the Supreme Court has explained the summary judgment standard:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

*Celotex Corp.*, 477 U.S. at 322-23.  The party moving for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrates the absence of a genuine issue of material fact.  *Id.* at 323.  The burden then shifts to

the nonmoving party to "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324; Fed. R. Civ. Pro. 56(e). In meeting this burden the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). That party must demonstrate that there is a "genuine issue for trial." Fed. R. Civ. Pro. 56(e); *Matsushita*, 475 U.S. at 587. *See also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

"The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case. The relevant rules of substantive law dictate the materiality of a disputed fact. A genuine issue of material fact does not exist unless there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor." *Chapman v. AI Transport*, 229 F.3d 1012, 1023 (11th Cir. 2000) (quoting *Haves v. City of Miami*, 52 F.3d 918, 921 (11th Cir. 1995)). A factual dispute regarding a non-material issue will not preclude the defendant from succeeding on a motion for summary judgment. *Brown v. American Honda Motor Co.*, 939 F.2d 946, 953 (11th Cir. 1991). However, the court should not make credibility determinations, nor weigh

the parties' evidence.  *See Stewart v. Booker T. Washington Ins.*, 232 F.3d 844, 848 (11th Cir. 2000).

### IV. Legal Analysis

Under Alabama contract law, the court will "enforce, as it is written, an unambiguous and lawful contract."[2] *Drummond Co., Inc. v. Walter Industries, Inc.*, 962 So.2d 753, 780 (Ala. 2006) (citing *Ex parte University of South Alabama*, 812 So.2d 341 (Ala. 2001)). "'In determining whether the language of a contract is ambiguous, courts construe the words according to the interpretation ordinary men would place on the language used therein.  The words are given the meaning that persons with a usual and ordinary understanding would place on the words.'" *Progressive Specialty Ins. Co. v. Naramore*, 950 So.2d 1138, 1141 (Ala. 2006) (quoting *Liggans R.V. Ctr. v. John Deere Ins. Co.*, 575 So.2d 567, 569 (Ala. 1991)) (citations omitted). Further, disputed language in a contract is not deemed ambiguous just because the parties disagree over its interpretation.  *Wayne J. Griffin Electric, Inc. v. Dunn Construction Co.*, 622 So.2d 314, 317 (Ala. 1993) (citing *Englund's Flying Service, Inc. v. Mobile Airport Authority*, 536 So.2d 1371 (Ala. 1988)).  The issue of whether a contract is ambiguous or unambiguous is a question of law for the

---

[2] The MOU states that "[t]his MOU shall be interpreted and governed in accordance with the laws of the State of Alabama, exclusive of its conflict of law provisions."  Memorandum of Understanding, Exhibit A-4 to Plaintiffs' Summary Judgment.

court to decide. *Mega Life and Health Ins. Co. v. Pieniozek*, 516 F.3d 985, 991 (11th Cir. 2008) (citing *State Farm Fire and Casualty Co. v. Slade*, 747 So.2d 293, 308 (Ala. 1999)).

Defendant WWS argues that there was an oral agreement between WWS and GSC that WWS was to be awarded a contingency for "any and all work procured by WWS on behalf of GSC or its subsidiaries," including the current contract between NMSFC and GSC. Defendant's Response Brief at 4 (citing Wessly depo. at 52, Exhibit 1 to Defendant's Response). As a result, defendant argues that this parol evidence should be admitted to demonstrate the entire contract between the parties. *Id.* Plaintiffs assert that the alleged oral agreement contradicts a subsequent express contract, namely the MOU, and therefore, should not be admitted. Plaintiffs' Reply Brief at 1. The MOU states that:

> WWS *will* market for GYL and any of its subsidiaries that require assistance. WWS *will* identify potential Program Opportunities that are appropriate for set-a-side to GYL. GYL guarantees that WWS will receive at least 2% of the contract value for all Program Opportunities that WWS *identifies* as an opportunity and GYL receives revenue from the program.

Memorandum of Understanding, Exhibit A-4 to Plaintiffs' Summary Judgment (emphasis added). This MOU is unambiguous, and given its plain meaning and use of the present tense, the court finds that it only applies prospectively to opportunities

8

that WWS identifies, which does not include the current contract between GSC and NMSFC ending on August 23, 2012. Because the contractual relationship between plaintiffs and NMSFC is not referenced in the MOU, either expressly or in the above-quoted provision with prospective terms, plaintiffs owe nothing to defendant.

Further, the parol evidence of the oral agreement proffered by defendant is inadmissible to change the terms of the MOU. In an unambiguous contract, exceptions to the parol evidence rule exist only in cases where the party offers extrinsic evidence of fraud, mistake, or illegality. *Alabama Electric Cooperative, Inc. v. Bailey's Construction Co., Inc.*, 950 So.2d 280, 287 (Ala. 2006) (citing *Environmental Systems, Inc. v. Rexham Corp.*, 624 So.2d 1379, 1381 (Ala. 1993)). Similarly, Alabama law provides that there is no recovery under a theory of implied contract if an express contract pertains to the same subject matter. *General Southern Industries, Inc. v. Shub*, 300 Fed. Appx. 723, 729 (11th Cir. 2008) (citing *Vardaman v. Florence City Bd. of Educ.*, 544 So.2d 962, 965 (Ala. 1989)). Here, the MOU and the alleged oral agreements regard the same subject matter, and there is no evidence of fraud, mistake, or illegality. Defendant's parol evidence is inadmissible, and the MOU is unambiguous. Plaintiffs have no obligation to pay defendant and are entitled to summary judgment as a matter of law on the declaratory judgment claim and defendant's breach of contract counterclaim.

## V. Conclusion

Having considered the foregoing and finding that defendant has failed to establish any genuine issue of material fact sufficient to allow this case to proceed to trial, the court **ORDERS** that plaintiffs' motion for summary judgment be and hereby is **GRANTED**. The court shall so rule by separate Order.

**DONE** and **ORDERED** this 15th day of April 2009.

*Inge Prytz Johnson*

INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE